## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOCELYN MCDONALD<br>5161 Westerville Road<br>Columbus, Ohio 43231,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTENE MANAGEMENT COMPANY LLC<br>4349 Easton Way, Suite 200<br>Columbus, Ohio 43219<br><br> **Serve Also:**<br> Centene Management Company LLC<br> CT Corporation System<br> 4400 Easton Commons Way<br> Suite 125<br> Columbus, Ohio 43219<br><br> Centene Management Company LLC<br> c/o Buckeye Community Health Plan Inc.<br> 7700 Forsyth Blvd, Ste. 800<br> St. Louis, MO 63105<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Jocelyn McDonald, by and through undersigned counsel, as her Complaint against Defendant Centene Management Company LLC ("Centene"), states and avers the following:

### PARTIES, VENUE, & JURISDICTION

1. McDonald is a resident of the city of Columbus, Franklin County, Ohio.

2. At all times herein, McDonald was acting in the course and scope of her employment.

3. Centene is a foreign limited liability company that does business at 4349 Easton Way, Suite 200, Columbus, Franklin County, Ohio 43219 ("Easton Location").

4. Centene is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that McDonald is alleging a Federal Law Claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. This Court has supplemental jurisdiction over McDonald's state law claims pursuant to 28 U.S.C. § 1367 as McDonald's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, McDonald filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02286 against Centene ("McDonald EEOC Charge").

10. McDonald dually filed the McDonald EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

11. On or about September 20, 2021, the EEOC issued a Notice of Right to Sue letter to McDonald regarding the Charges of Discrimination brought by McDonald against Centene in the McDonald EEOC Charge.

12. McDonald received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

13. McDonald has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. McDonald has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. On or about February 22, 2016, McDonald began working for Centene.

16. Centene initially employed McDonald as a PDM administrator.

17. Most recently, Centene employed McDonald as a referral specialist.

18. Centene was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

19. At all times relevant herein, McDonald was employed by Centene for at least 12 months and had at least 1,250 hours of service with Centene and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

20. McDonald is 60 years old.

21. At all times herein, McDonald was a member of a protected class on the basis of her age.

22. On or about July 6, 2020, Katrina Edwards became McDonald's supervisor.

23. Edwards is under age 50.

24. Edwards was not involved in the decision to hire McDonald.

25. In or about July 2020, Edwards told McDonald that she had a "problem" with McDonald.

3

26. In or about the fall of 2020, Edwards took job duties away from McDonald and made her only answer phones.

27. Edwards treated McDonald unfavorably compared to McDonald's similarly-situated younger coworkers.

28. For example, Edwards subjected McDonald to hostile questioning.

29. Edwards gave McDonald unfavorable work assignments, compared to McDonald's similarly-situated younger coworkers.

30. In or about October 2020, McDonald reported to Centene's ethics hotline that Edwards was discriminating against her on the basis of her age ("Report of Discrimination").

31. Centene has a policy against discrimination ("Discrimination Policy").

32. Centene's Discrimination Policy precludes retaliation against employees who complain about discrimination.

33. Alternatively, retaliation against employees who complain about discrimination is permitted by Centene.

34. Centene's Discrimination Policy precludes intimidation against employees who complain about discrimination.

35. Alternatively, intimidation against employees who complain about discrimination is permitted by Centene.

36. Centene's Discrimination Policy requires employees to report what they reasonably believe is a violation of the Discrimination Policy.

37. Centene's Discrimination Policy precludes retaliation against employees who report a violation of the Discrimination Policy.

38. Alternatively, retaliation against employees who report a violation of the Discrimination Policy is permitted by Centene.

39. Centene's Discrimination Policy precludes intimidation against employees who report a violation of the Discrimination Policy.

40. Alternatively, intimidation against employees who report a violation of the Discrimination Policy is permitted by Centene.

41. Edwards's discriminatory treatment of McDonald violates the Discrimination Policy.

42. Centene has a policy to investigate reports of violations of its Discrimination Policy.

43. An investigation should include interviewing the complainant.

44. An investigation should include interviewing the subject of the complaint.

45. An investigation should include interviewing the subject of the reported discrimination.

46. An investigation should include interviewing witnesses to the reported discrimination.

47. An investigation should include getting a written statement from the complainant.

48. An investigation should include getting a written statement from the subject of the complaint.

49. An investigation should include getting a written statement from the subject of the reported discrimination.

50. In response to McDonald's Report of Discrimination, Centene did not interview McDonald.

51. In response to McDonald's Report of Discrimination, Centene did not interview Edwards.

52. In response to McDonald's Report of Discrimination, Centene did not interview witnesses.

53. In response to McDonald's Report of Discrimination, Centene did not get a written statement from McDonald.

54. In response to McDonald's Report of Discrimination, Centene did not get a written statement from Edwards.

55. In response to McDonald's Report of Discrimination, Centene did not get a written statement from witnesses.

56. Centene did not investigate McDonald's Report of Discrimination.

57. Centene did not give Edwards a verbal warning as a result of McDonald's Report of Discrimination.

58. Centene did not give Edwards a written warning as a result of McDonald's Report of Discrimination.

59. Centene did not give Edwards a final warning as a result of McDonald's Report of Discrimination.

60. Centene did not give Edwards a suspension as a result of McDonald's Report of Discrimination.

61. Centene did not give Edwards a demotion as a result of McDonald's Report of Discrimination.

62. Centene did not terminate Edwards's employment as a result of McDonald's Report of Discrimination.

63. Centene did not give discipline Edwards at all as a result of McDonald's Report of Discrimination.

64. McDonald suffers from anxiety, depression, post-traumatic stress disorder, and bipolar disorder ("McDonald's Conditions").

65. McDonald's Conditions are a physical and/or mental impairment.

66. McDonald's Conditions significantly limit her in one or more major life activities, including working.

67. McDonald has a record of physical and/or mental impairment.

68. Centene perceived McDonald as disabled.

6

69. McDonald is disabled within the meaning of ADA.

70. McDonald is disabled within the meaning of R.C. § 4112.01 *et seq*.

71. Edwards's negative treatment of McDonald exacerbated McDonald's Conditions.

72. In or about October 2020, McDonald requested to be transferred to a different supervisor ("Accommodation Request").

73. McDonald made the Accommodation Request because of McDonald's Conditions.

74. Centene denied the Accommodation Request.

75. Centene could have transferred McDonald to a different supervisor.

76. Centene did not engage in the interactive process to determine whether a reasonable accommodation was available.

77. Centene's denial of the Accommodation Request was an adverse employment action.

78. Centene's denial of the Accommodation Request was an adverse action.

79. On or about October 28, 2020, McDonald went on leave due to McDonald's Conditions.

80. On or about February 26, 2021, Centene terminated McDonald's employment ("Termination").

81. The Termination was an adverse employment action.

82. The Termination was an adverse action.

83. Centene replaced McDonald with an employee who was younger and/or not a member of the same protected classes as McDonald.

84. Centene has a progressive disciplinary policy ("Discipline Policy").

85. A verbal warning is the lowest level of discipline in the Discipline Policy.

86. McDonald did not receive a verbal warning before the Termination.

87. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

88. McDonald did not receive a written warning before the Termination.

89. A termination is the highest level of discipline in the Discipline Policy.

90. Centene knowingly skipped progressive disciplinary steps in terminating McDonald.

91. Centene knowingly terminated McDonald's employment.

92. Centene knowingly took an adverse employment action against McDonald.

93. Centene knowingly took an adverse action against McDonald.

94. Centene intentionally skipped progressive disciplinary steps in terminating McDonald.

95. Centene intentionally terminated McDonald's employment.

96. Centene intentionally took an adverse employment action against McDonald.

97. Centene intentionally took an adverse action against McDonald.

98. Centene knew that skipping progressive disciplinary steps in terminating McDonald would cause McDonald harm, including economic harm.

99. Centene knew that terminating McDonald would cause McDonald harm, including economic harm.

100. Centene willfully skipped progressive disciplinary steps in terminating McDonald.

101. Centene willfully terminated McDonald's employment.

102. Centene willfully took an adverse employment action against McDonald.

103. Centene willfully took an adverse action against McDonald.

104. On or about February 26, 2021, Centene terminated McDonald's employment because of her age.

105. On or about February 26, 2021, Centene terminated McDonald's employment because of her disability.

106. On or about February 26, 2021, Centene terminated McDonald's employment because she opposed discrimination.

107. On or about February 26, 2021, Centene terminated McDonald's employment because she requested a disability accommodation.

108. On or about February 26, 2021, Centene terminated McDonald's employment because she used qualified FMLA leave.

109. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

110. McDonald restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

111. Centene treated McDonald differently than other similarly-situated employees based on her disabling condition.

112. Centene treated McDonald differently than other similarly-situated employees based on her perceived disabling condition.

113. On or about February 26, 2021, Centene terminated McDonald's employment without just cause.

114. Centene terminated McDonald's employment based on her disability.

115. Centene terminated McDonald's employment based on her perceived disability.

116. Centene violated ADA when it discharged McDonald based on her disability.

117. Centene violated ADA when it discharged McDonald based on her perceived disability.

118. Centene violated ADA by discriminating against McDonald based on her disabling condition.

119. Centene violated ADA by discriminating against McDonald based on her perceived disabling condition.

120. McDonald informed Centene of her disabling condition.

121. McDonald requested accommodations from Centene to assist with her disabilities, including moving to a different supervisor.

122. McDonald's requested accommodations were reasonable.

123. There was an accommodation available that would have been effective and would have not posed an undue hardship to Centene.

124. Centene failed to engage in the interactive process of determining whether McDonald needed an accommodation.

125. Centene failed to provide an accommodation.

126. Centene violated ADA by failing to provide McDonald a reasonable accommodation.

127. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

128. McDonald restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. Centene treated McDonald differently than other similarly-situated employees based on her disabling condition.

130. Centene treated McDonald differently than other similarly-situated employees based on her perceived disabling condition.

131. On or about February 26, 2021, Centene terminated McDonald's employment without just cause.

132. Centene terminated McDonald's employment based on her disability.

133. Centene terminated McDonald's employment based on her perceived disability.

134. Centene violated R.C. § 4112.02 when it discharged McDonald based on her disability.

135. Centene violated R.C. § 4112.02 when it discharged McDonald based on her perceived disability.

136. Centene violated R.C. § 4112.02 by discriminating against McDonald based on her disabling condition.

137. Centene violated R.C. § 4112.02 by discriminating against McDonald based on her perceived disabling condition.

138. McDonald informed Centene of her disabling condition.

139. McDonald requested accommodations from Centene to assist with her disabilities, including moving to a different supervisor.

140. McDonald's requested accommodations were reasonable.

141. There was an accommodation available that would have been effective and would have not posed an undue hardship to Centene.

142. Centene failed to engage in the interactive process of determining whether McDonald needed an accommodation.

143. Centene failed to provide an accommodation.

144. Centene violated R.C. § 4112.02 by failing to provide McDonald a reasonable accommodation.

145. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT III: AGE DISCRIMINATION IN VIOLATION OF ADEA

146. McDonald restates each and every prior paragraph of this complaint, as if it were fully restated herein.

147. McDonald is 60 years old.

148. At all times relevant, McDonald was a member of a statutorily-protected class under ADEA.

149. Centene treated McDonald differently from other similarly-situated employees based on her age.

150. McDonald was fully qualified for her position and employment with Centene.

151. McDonald, at age 59, was a member of a statutorily-protected class under ADEA at the time she was terminated from her employment with Centene.

152. After terminating McDonald, Centene replaced McDonald with a person who was significantly younger and/or not belonging to the protected class under ADEA.

153. Centene violated ADEA by discriminating against McDonald based on her age.

154. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

155. McDonald restates each and every prior paragraph of this complaint, as if it were fully restated herein.

156. McDonald is 60 years old.

157. At all times relevant, McDonald was a member of a statutorily-protected class under R.C. § 4112.14(B).

158. Centene treated McDonald differently from other similarly-situated employees based on her age.

159. McDonald was fully qualified for her position and employment with Centene.

160. McDonald, at age 59, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time she was terminated from her employment with Centene.

161. After terminating McDonald, Centene replaced McDonald with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

162. Centene violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against McDonald based on her age.

163. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT V: RETALIATION IN VIOLATION OF ADEA & ADA

164. McDonald restates each and every prior paragraph of this complaint, as if it were fully restated herein.

165. As a result of Centene's discriminatory conduct described above, McDonald complained about the discrimination she was experiencing.

166. McDonald requested a disability accommodation.

167. Subsequent to McDonald's reporting of discrimination, Centene denied her request for accommodation.

168. Subsequent to McDonald's reporting of discrimination, Centene terminated her employment.

169. Centene's actions were retaliatory in nature based on McDonald's opposition to the unlawful discriminatory conduct.

170. Pursuant to ADEA, it is an unlawful discriminatory practice to retaliate against an employee for opposing age discrimination.

171. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

172. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

173. McDonald restates each and every prior paragraph of this complaint, as if it were fully restated herein.

174. As a result of Centene's discriminatory conduct described above, McDonald complained about the discrimination she was experiencing.

175. McDonald requested a disability accommodation.

176. Subsequent to McDonald's reporting of discrimination, Centene denied her request for accommodation.

177. Subsequent to McDonald's reporting of discrimination, Centene terminated her employment.

178. Centene's actions were retaliatory in nature based on McDonald's opposition to the unlawful discriminatory conduct.

179. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

180. As a direct and proximate result of Centene's conduct, McDonald suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII: RETALIATION IN VIOLATION OF FMLA

181. McDonald restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

182. During her employment, McDonald utilized FMLA leave.

183. After McDonald utilized her qualified FMLA leave, Centene retaliated against her.

184. Centene retaliated against McDonald by terminating her employment.

185. Centene willfully retaliated against McDonald in violation of 29 U.S.C. § 2615(a).

186. As a direct and proximate result of Centene's wrongful conduct, McDonald is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff McDonald respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Centene to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Centene to restore McDonald to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate McDonald for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for McDonald claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
THE SPITZ LAW FIRM, LLC
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Jocelyn McDonald*

## JURY DEMAND

Plaintiff McDonald demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)